CASE 13—ORDINARY—FEBRUARY 4, 1882.

# Ragsdale v. Lander.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. The contract leasing the house and lot for two years being verbal, comes within the sixth clause, section 1, chapter 22, General Statutes, and cannot be enforced.

2. Section 126, of the present Code, changes the former rule as to allegations of value. Now, every allegation of value or amount of damage accompanied by an allegation of an express promise, or a statement of facts from which the law implies a promise to pay, will, unless denied, be held as true.

3. Appellant made an issue not only upon the value of the use and occupation, but of the use and occupation itself, and was entitled to have these questions properly submitted to a jury.

Ragsdale v. Lander.

G. A. CHAMPLIN and CAMPBELL & FERGUSON for appellant.
We submit that this suit is brought upon a verbal contract for leasing
the house and lot to appellant for two years, and it comes within the
inhibition of the statute. It is not a suit for use and occupation.
The averment that the house was used and occupied by appellant
does not authorize a finding as to the value of the property for the
lesser time charged. (Roberts v. Ténnell, 3 Monroe, 248; Berry v.
Graddy, 1 Met., 557; Kleeman v. Collins, 9 Bush, 464.)

JOHN FELAND for appellee.
The errors relied upon in the circuit court for a new trial cannot be
relied upon in this court, unless specifically assigned here. (Max-
well v. Dudley, 13 Bush, 403.) No exception was taken at the time
to the ruling of the court requiring the jury to find a special verdict.
The contract as to the time and terms of renting is clearly proved.
(O'Reagan v. O'Sullivan, 14 Bush, 184; Morehead v. Watkins, 5 B.
Mon., 228; 1 Bush, 149; Roberts v. Tennell, 3 Mon., 247; Calvert v.
Simpson, 1 J. J. Mar., 548; Brown on Frauds, secs. 465, 486.)

JUDGE HARGIS delivered the opinion of the court.

The contract of leasing was verbal and for two years, and
therefore within the sixth clause of section 1, chapter 22,
General Statutes, which declares that "no action shall be
brought to charge any person . . . upon any contract for
the sale of real estate, or any lease thereof, for longer term
than one year, unless in writing," &c.

The petition alleged facts sufficient to constitute a cause
of action for use and occupation of the leased premises.
The use and occupation, and the value thereof, were denied
by the answer.

This was the only issue which remained to be submitted
to the jury, after the court directed them to find a special
verdict whether the lease was for one or two years; but
instead of instructing the jury upon that issue, the court
submitted the single fact named for their special finding,
and upon the return of the following verdict: "We, the
jury, find that the defendant rented the property for two

Ragsdale v. Lander.

years," rendered judgment for three hundred dollars, with interest from the expiration of the lease, which conformed to the prayer of the petition.

By section 153 of the Civil Code of 1854, allegations of value, or of amount of damage, could not be considered as true by the failure to controvert them; but section 126 of the present Code, in prescribing the classes of allegations "which must be proved, though not denied," provides in its fourth subsection, that:

"Allegations concerning value or amount of damage, not accompanied by an allegation of an express promise, or by a statement of facts showing an implied promise to pay such value or damage, such allegations, so accompanied, need not be proved unless traversed."

This provision introduces two exceptions to the law as expressed in section 153 of the Code of 1854.

Under that section no allegation of value, or amount of damage, could be treated as true by the failure to deny it; but by section 126 of the present Code every allegation of value, or amount of damage, which is accompanied by an allegation of an express promise, or a statement of facts from which the law implies a promise to pay such alleged value or damage, must be considered as true, unless denied.

The appellee alleged in his petition the value of the use and occupation, and made a statement of facts which raise a promise upon the part of appellant to pay that value, and but for his traverse it would have been the court's duty to have taken the averments of the petition as true, and then judgment for the alleged value would have been legal.

But the appellant traversed, and put in issue not only the value of the use and occupation, but the use and occupation itself.

He therefore had the right to have submitted to the jury, by appropriate instructions, whether he did use and occupy the leased premises, and if so, what was the reasonable value of such use.

The court decided both of these facts on which the parties had joined issue by rendering judgment for three hundred dollars, which was the amount prayed for, and also the alleged contract price of the lease.

As shown, this was error, unless the special verdict of the jury authorized the judgment.

The special verdict established but one fact, and that fact made it clear that no action could be brought to charge the appellant upon the lease.

And as the contract was non-enforceable, by reason of the statute of frauds, the contract price was also non-enforceable; for to allow the recovery of the price agreed upon by the contract, but deny an action upon the contract itself, would be equivalent to granting and denying the remedy in the same action.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial, and for further proceedings consistent with this opinion.